UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| In Re: | Case Number 10-30175-HJB |
| Lilia Shapoval | Chapter 13 |

**BRIEF OF WELLS FARGO BANK, N.A., AS TRUSTEE FOR MERRILL LYNCH MORTGAGE INVESTORS TRUST MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2004-OPT1 RELATIVE TO ORDER DATED AUGUST 5, 2010 [Dkt. No. 46]**

Now comes Wells Fargo Bank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust Mortgage Loan Asset-Backed Certificates, Series 2004-OPT1 (hereinafter "Wells Fargo"), and hereby submits its brief pertaining to hearing conducted and Order relative thereto. Wells Fargo's brief relates to its pending motion for relief from the automatic stay and issue raised by debtor's counsel with regard to assignment of mortgage and transfer of note as it pertains to same and proof of claim.

At hearing and in opposition to motion for relief from the automatic stay filed by Wells Fargo, debtor's counsel raised issues akin to assertion of lack of standing previously advanced in debtor's objection to claim. As best as debtor's counsel's objection can be understood, the debtor refers to the Uniform Commercial Code to assert that Wells does not have standing to advance its proof of claim relative to a prepetition arrearage of in excess of $34,600.00 or proceed with its Motion for Relief from Automatic Stay relative to the debtor's post-petition arrears of in excess of $4,400.00 for a full half a year of non-payment post-petition in contravention of debtor's assertions in their schedules and plan. It should be noted that on February 18, 2010, Wells Fargo filed an objection to Debtor's proposed Chapter 13 Plan [Dkt.No. 14]. The Debtor never filed a response to this objection to Plan and the court sustained Wells Fargo's objection and ordered the Debtor to file an amended plan within 30 days. [Dkt.No.16]. To date, the Debtor has failed to file an amended plan notwithstanding the Court's

10-000690 / BK03

Order of March 9, 2010. A month and a half after the Order of the Court the debtor still had not complied with the direct Order when debtor entered her next filing on the docket. More than three months after this Court's Order, in response to an affidavit of non-compliance filed by the Chapter 13 Trustee the debtor through counsel filed papers on June 11, 2010 stating that "An amended Plan which was located with other papers awaiting filing is, however, not signed, and unintentionally so, and thus will be filed in a few days' time." That has still not occurred as of the date of this filing and the Court's Order remains ignored by the debtor. However, the debtor has taken the time to present an opposition to standing of the creditor Wells Fargo.

Notwithstanding debtor's assertions to the contrary, Wells Fargo is the holder of an adjustable rate note given by the Debtor, Lilia Shapoval ("Debtor") to Option One Mortgage Corporation in the original amount of $118,800 and dated March 24, 2004. A true copy of the original note (the "Note") and allonge endorsed in blank is attached hereto as Exhibit A. The Note is secured by a certain mortgage given by the Debtor to Option One Mortgage Corporation of even date and original principal amount as duly recorded at the Hampden County Registry of Deeds in Book 14047, Page 412. A true copy of the original mortgage and adjustable rate rider (the "Mortgage") is attached hereto as Exhibit B. Reference is further made to the assignment of the Mortgage by Option One Mortgage Corporation to Wells Fargo dated April 7, 2008, and duly recorded at said Registry of Deeds in Book 17246, Page 295. A true copy of which is attached hereto as Exhibit C. American Home Mortgage Servicing, Inc. is the current servicer of the loan on behalf of Wells Fargo.

The Mortgage encumbers a multi-family dwelling owned by the Debtor and known as 71-73 Beaumont Street, Springfield, MA (the "Property'). The only basis for Debtor's assertions relative to purported lack of standing for Wells Fargo to file its Proof of Claim and proceed on its

10-000690 / BK03

motion for relief from the automatic is that Debtor states that the Note attached to Wells Fargo's Proof of Claim lacks any indorsement. Debtor reasons that the Note remains payable to Sand Canyon Corporation fka Option One Mortgage Corporation. The Debtor's Objection further states that the "Mortgage having been assigned to a party not the Note Holder, it has no validity as a Deed of Trust as there is no cognizable debt to secure." The subject documents constitute true and accurate copies of originals of documents contained in the collateral file which Korde & Associates, P.C. is currently in possession of as bailee.

An affidavit of counsel in support of authenticity of all documents referred to is annexed hereto. A true copy of the bailee letter relative to the original collateral file, redacted relative to account numbers, is annexed hereto as Exhibit D. The original collateral file (See copy of file designations redacted relative to account numbers annexed as Exhibit E) contains: the original Policy of Title Insurance (No.: 102408599) dated March 24, 2004; the original mortgage dated March 24, 2004; the original adjustable rate note dated March 24, 2004 and the original allonge endorsement in blank dated March 24, 2004; the original assignment of mortgage dated April 5, 2004 endorsed in blank (Exhibit F).

Wells Fargo asserts that it has presented sufficient evidence herewith to establish that Wells Fargo is the holder of the note and owner of the mortgage, American Home Mortgage Servicing, Inc. is servicing the Debtor's mortgage loan on behalf of Wells Fargo as Trustee, and that Wells Fargo and American Home Mortgage Servicing, Inc. have standing to prosecute the claim and proceed on the motion for relief from automatic stay.

## BACKGROUND

The real estate mortgage at issue in this case was securitized. Securitization involves the sale of the loan by lender to a new owner, the issuer, who then sells securities to investors. Those

investors are buying "bonds "that entitle them to a share of the cash that the borrowers pay on the mortgage in the pool. Another party, the trustee, holds legal title to the mortgage loans for the benefit of the pool of investors. Yet another party, the servicer, collects the payments, distributes them, and pursues delinquencies when necessary. The original Payee (Option One Mortgage Corporation) endorsed the Note in blank, without recourse by allonge. The original Note with allonge endorsement in blank was transmitted to Wells Fargo, the pool Trustee, and Wells Fargo has had ownership and control of the original Note with endorsement in blank at all times since April, 2004. Similarly, Wells Fargo has had physical custody of the original Note since April, 2004 through its servicer American Home Mortgage Servicing Inc. and currently Korde & Associates, P.C. as bailee for purposes of this contested matter.

As an initial matter, "a proof of claim executed and filed in accordance with the Federal Rules of Bankruptcy Procedure constitutes prima facie evidence of the validity and amount of the claim." Fed.R.Bankr.P. 3001(f). "The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence." *In re Hemingway, Transp., Inc.*, 993 F.2d 915 (emphasis in original). Only where the objecting party produces substantial evidence in opposition to the proof of claim does the burden shift to the claimant to establish the validity of the claim. *In re Long,* 353 B.R.1, 13(Bankr.D.Mass. 2006). Here, Wells Fargo has complied with Federal Rule of Bankruptcy Procedure 3001 in submitting its Proof of Claim No. 4 with all supporting documentation and in advancing its motion for relief from the automatic stay as holder of the note and mortgage. "The burden is on the nonmovant to come forward with sufficient evidence to generate an issue worthy of trial." *In re Dreliouch,* 359 B.R. 9, 13(Bankr.D.Mass.2006). (citing *In re Spigel,* 260 F.3d.27, 31(1st Cir.2001). The Debtor cannot meet that burden, and thus overruling Debtor's objection to claim and opposition to

10-000690 / BK03

motion for relief from the automatic stay is appropriate. As further evidence that Wells Fargo is the holder of the Shapoval loan, Wells Fargo has had possession of the original Note since April 2004, only relinquishing its physical custody of the original Note to its servicer and forwarding the original Note with collateral file to Korde & Associates, P.C. in May of 2010. The firm continues to retain custody of same as bailee pending resolution of this matter. As a negotiable instrument, the Note may be transferred in accordance with Article 3 of the Uniform Commercial Code ("UCC"), as enacted in Massachusetts as M.G.L. c. 106. The endorsement in blank of the Note converted the Note to a bearer instrument negotiable by transfer of possession alone. M.G.L. c. 106, §§ 3-205(b), 3-109(a)(2). In this regard, the UCC worked no change in prior Massachusetts law. See, e. g., *First Nat'l Bank of Cape Cod v. North Adams Hoosac Sav. Bank*, 7 Mass. App. Ct. 790, 796 (1979) (" The Uniform Commercial Code continues to recognize the negotiability of a note which is secured by real estate mortgage.") See M.G.L.c. 106 §§ 3-104(1), 3-104(2)(d), 3-105(1)(c).

Wells Fargo is the holder of the Note and owner of the loan, as Trustee. In addition to holding the Note, Wells Fargo is the record holder of the mortgage by virtue of assignment recorded with the Hampden County Registry of Deeds. Wells Fargo is the actual holder of the Mortgage, whether as a result of the assignment in blank of the Mortgage by Option One Mortgage Corporation and delivery of same to Wells Fargo in 2004 and/or the recorded assignments of mortgage. Under Massachusetts law, the validity of assignment does not require further evidence of authority to execute documents. *See* M.G.L. Chapter 183, Section 54B (a copy is annexed hereto as Exhibit G. Furthermore, Massachusetts law does not require that an assignment be recorded, it is well-settled that an assignment of mortgage may be recorded at any time before, or even after foreclosure. See e.g. *LaSalle Bank National Association, as trustee for*

*the certificate holders of Bear Sterans Asset Backed Securities I, LLC Asset-Backed Certifificates Series 207-HE2 v. Rosario*, L.C. Misc.Case No. 386018 (KCL); *Lamson & Co., v. Abrams*, 305 Mass. 238 (1940); *Montague v. Dawes*, 94 Mass. 397 1866). Thus the standing in this case does not depend on whether there is a recorded assignment of the mortgage as long as an assignment has, as here, been executed in advance of assertion of rights such as commencement of foreclosure or advancement of claims or seeking relief from automatic stay in this Court.

It is a well established principle that "[t]he mortgage is merely security for the note." *Weinberg v. Brother*, 263 Mass. 61, 62 (1928). The Note is a negotiable instrument and can be transferred in accordance with Article 3 of the Uniform Commercial Code ("UCC"), as enacted in Massachusetts under M.G.L. c. 106. The blank indorsement of the Note converted it to a bearer instrument, negotiable by transfer of possession alone. M.G.L. c. 106, §§ 3-205(b), 3-109(a)(2). The Note was negotiated in 2004 when it was delivered to Wells Fargo Bank, N.A., as Trustee, and Wells Fargo gained the rights of a holder in due course. M.G.L. c. 106, §§ 3-201(1), 3-203(a)-(b). The UCC, therefore, did not alter existing Massachusetts law and the UCC "continues to recognize the negotiability of a note which is secured by a real estate mortgage." See, *First Nat. Bank if Cape Cod v. North Adams Hoosac Sav. Bank*, 7 Mass. App. Ct. 790-796 (1979).

Wells Fargo is therefore the holder of the Note with allonge and owner of the loan, as Trustee of the Merrill Lynch Mortgage Investors Trust Mortgage Loan Asset-Backed Certificates, Series 2004-OPT1 Pool. Possession of the Note was delivered to Wells Fargo as Trustee in 2004, and Wells Fargo continues to maintain the original Note in the Collateral Loan File.

Korde & Associates requested the original Note from the Collateral File and currently is acting as bailee of the original Note for purposes of this action. Korde & Associates represented in open court that it was in possession of the original Note and Allonge and it was available to the Debtor and her Counsel for inspection if so requested.

Based on the foregoing, there is no basis for Debtor's assertions of lack of standing relative to Wells Fargo's Proof of Claim or Wells Fargo's motion for relief from the automatic stay. For all of the foregoing reason, the Court should find that the Debtor-Plaintiff's objections to Wells Fargo's standing are meritless and grant relief from the automatic stay in favor of Wells Fargo as well as overrule the Debtor's objection to Claim No. 4.

Dated: August 13, 2010

Respectfully submitted,
Wells Fargo Bank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust Mortgage Loan Asset-Backed Certificates, Series 2004-OPT1
By its attorney,

/s/ Lawson Williams
Lawson Williams, Esquire
BBO# 545367
Korde & Associates, P.C.
321 Billerica Road, Suite 210
Chelmsford, MA 01824-4100
Tel: (978) 256-1500, Ext. 248
lwilliams@kordeassoc.com
bankruptcy@kordeassoc.com

10-000690 / BK03

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| In Re: | Case Number 10-30175 |
| Lilia Shapoval | Chapter 13 |

## CERTIFICATE OF SERVICE

I, Lawson Williams, Attorney for Wells Fargo Bank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust Mortgage Loan Asset-Backed Certificates, Series 2004-OPT1 hereby certify that on August 13, 2010 I electronically filed the foregoing *Brief* with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF System. I served the forgoing documents on the following CM/ECF participants:

Denise M. Pappalardo
Laird J. Heal
Richard King

I certify that I have mailed by first class mail, postage prepaid the documents electronically filed with the Court on the following non-CM/ECF participants:

Lilia Shapoval
71-73 Beaumont Street
Springfield, MA 01108

/s/ Lawson Williams, Esq.
Lawson Williams, Esq.
Korde & Associates, P.C.
321 Billerica Road
Suite 210
Chelmsford, MA 01824-4100
Tel: (978) 256-1500 Ext.248
lwilliams@kordeassoc.com
bankruptcy@kordeassoc.com

10-000690 / BK03

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF MASSACHUSETTS

WESTERN DIVISION

| In Re: | Case Number 10-30175-HJB |
|---|---|
| Lilia Shapoval | Chapter 13 |

**AFFIDAVIT OF ATTORNEY FOR WELLS FARGO AS TRUSTEE**

**RELATIVE TO EXHIBITS**

I, Lawson Williams, hereby depose and state as follows:

1. I am an attorney duly licensed to practice law in the state and federal courts of this Commonwealth, and I am counsel of record for the creditor, Wells Fargo as trustee in the above-captioned actions.

2. I submit this affidavit relative to Exhibits annexed to Wells Fargo's Brief. Unless otherwise indicated, I base this affidavit on my own personal knowledge and review of the records relative to this action.

3. The annexed exhibits constitute true and accurate copies of records recorded with the Registry of Deeds and original documents contained the collateral file held by Wells Fargo and currently in the possession of Korde & Associates, P.C. as bailee, altered only by redaction requirements of this Court, and public record documents relative to the law.

Signed under pains and penalties of perjury this 13th day of August, 2010

/s/ Lawson Williams

Lawson Williams, Esq.