# United States Bankruptcy Court

Western District of Massachusetts

Debtor Case No.   10-30175_____
Adversary Case    _____

Chapter  13_____

In Re

Lilia Shapoval,

Debtor

BRIEF MEMORANDUM IN OPPOSITION TO MOTION FOR RELIEF FROM STAY

<u>Lilia Shapoval</u>, Debtor, by and through her attorney Laird J. Heal, Esq., offers this Brief and Memorandum in Opposition to the Motion For Relief from Stay [#32], offering the for the advice of the Court:

ARGUMENT

    A. Does Massachusetts Require an Indorsement to be on the Face of the Negotiable Instrument or Made a Part of the Document Through Attachment

1. Massachusetts specifically requires that an indorsement of a negotiable instrument be on the face of the document or firmly attached, and case law has refused to find indorsement when the purported assignment is contained in a separate document which a holder might fail to notice.

2. The leading case in the Commonwealth is *Duxbury v. Roberts*, 388 Mass. 385, 388, 446 N.E.2d. 401 (1983), where a "Partial Assignment" was not "so firmly affixed thereto as to become a part thereof."

3. The movant is thus not a holder, or holder in due course, of the Note.

4. Even if the movant is a transferee, all defenses available against the creditor are still applicable.  Among these defenses, obvious from the face of the mortgage, is the lack of a statement of identification of the mortgage acknowledgement, and the absence of the notary seal, bearing the Seal of the Commonwealth, as required of all documents under Executive Order.  The consequences of this omission have been recently described in *Mortgage Electronic Registration Systems, Inc. v. Agin*, 09-CV-10988-PBS, 2009 WL 3834002, (D. Mass., November 17, 2009), affirming *Agin v. Mortgage Electronic Registration Systems, Inc.*, No. 08-1261, 2009 WL 1458173 (Bankr. D. Mass.).

5. At the hearing, the Truth-In-Lending violations were also asserted, which constitute a

   defense to the secured status and the whether the Movant is a holder in due course has relevance to this issue.

6. Where a mortgagee (holding the mortgage by assignment or otherwise) has no interest in the underlying obligation, the mortgage deed of trust has no trust corpus, and the obligation, as of the petition date, is hence unsecured. *Landmark Nat'l Bank v. Kesler*, 289 Kan. 528, 541-2 (2009). See, e.g. *In Re Paredes*, No. 09-22261-RDD Transcript Sept. 29, 2009[#35] (Bnkcy.S.D.NY), Order Expunging Proof of Claim of PHH Mortgage Corporation[#29].

   B. Does the Initial ECF Filing of the Note With the Claim[#4] Preclude Later Assertion that an Allonge is Attached?

7. The Electronic Case Filing rules specify that by filing a document the filer is representing that the document is exactly what is filed and no more and no less. In the present case the Claim, filed February 16, 2010, showed a Note with no assignment or indorsement. The later filings show documents that include an allonge, each time as a separate attachment to the one containing the Note, and an assignment of mortgage [#32, Exhibit C]. However, by filing the Note with ECF as a document that contains neither of these other attachments, the clamant creditor has represented to the Court that neither of those other attachments are a part of the Note.

8. [ECF] RULE-3 (b) of the Local Bankruptcy Rules states:

   (b) Official Record

   When a document has been filed electronically, the official record is the electronic recording of the document as stored by the Court, and the filing party is bound by the document as filed.

9. The Creditor submitted its Proof of Claim[#4] with an attachment including the Note and Mortgage, and as associated documents the letter of American Home Mortgage Servicing, Inc., stating that it had acquired the assets "constituting the residential mortgage servicing business" of Option One Mortgage Corporation, along with a document labeled "Invoice Detail" and bearing dates in February, 2008. This Claim has not been amended.

10. The attachment to the Proof of Claim[#4] showed a Note with no Allonge or other assignment either "affixed" or otherwise included. According to the ECF Rules, then, the Creditor is bound to its presentation, on February 16, 2010, that the Note was just that document presented and no more, and has not been indorsed.

11. Furthermore, the papers presented in the attachment to the Proof of Claim[#4] state that American Home Mortgage Servicing, Inc., and not the creditor Wells Fargo, had purchased the mortgage, or at least the servicing rights. The investor of the mortgage is listed as "Merrill Lynch Mortgage". Nowhere is it asserted that the movant has any interest in the obligation.

   RESPECTFULLY SUBMITTED on this 16th day of August, 2008

                                        Lilia Shapoval, Debtor, by her attorney

/s/ Laird J. Heal
Laird J. Heal, BBO # 553901
120 Chandler Street, #2R
Worcester, MA 01609
(508) 459-5095

CERTIFICATE OF SERVICE

I, Laird J. Heal, certify that, upon receipt of the notice of electronic service, I will immediately serve a copy of this pleading by mail to any of the parties listed below if not noted as having received electronic service:

*By Electronic Service*

Richard King
Office of US. Trustee
446 Main Street
14th Floor
Worcester MA  01608

Julie A. Ranieri, Esquire
Korde & Associates, P.C.
321 Billerica Road
Suite 210
Chelmsford, MA 01824-4100

Denise M. Pappalardo
denisepappalardo@ch13worc.com
paper@mab.uscourts.gov

*By First Class Mail*

City of Springfield
36 Court Street
Springfield MA 01103-1698

Springfield Water and Sewer Commission
P. O. Box 3688
Springfield MA 01101-3688

/s/ Laird J. Heal
Laird J. Heal