# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# WESTERN DIVISION

_____
                                    )
In re:                              )
                                    )   Chapter 13
LILIA SHAPOVAL                      )   Case No. 10-30175-HJB
                                    )
                                    )
            Debtor                  )
_____)

## MEMORANDUM OF DECISION

Before the Court is a Motion filed by Creditor Wells Fargo Bank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust Mortgage Loan Asset-Backed Certificates, Series 2004-OPT1 and/or its successors and assigns for Relief from the Automatic Stay ("Wells Fargo," the "Motion for Relief") relative to property owned by Lilia Shapoval (the "Debtor") at 71-73 Beaumont Street, Springfield, Massachusetts (the "Property"). Among the issues remaining for resolution, one predominates: whether the alleged assignee of a note secured by property located in the Commonwealth of Massachusetts has standing to file a motion for relief from the automatic stay where its rights as assignee are claimed through an allonge not affixed to the note.

I.     FACTS AND POSITIONS OF THE PARTIES

On February 2, 2010, the Debtor filed a Chapter 13 case in this Court. In her

Schedule A - Real Property, she listed her ownership interest in 73 Beaumont Street, Springfield, Massachusetts and valued the Property at $164,000. In her Schedule D - Creditors Holding Secured Claims, the Debtor identified four encumbrances on the Property; respectively, a first mortgage held by Wells Fargo and three nonconsensual liens held by the City of Springfield, the Springfield Water and Sewer Commission, and a former attorney, all totaling the sum of $143,033.68. The Debtor's Chapter 13 plan (the "Plan") proposed payments to the lienholders but none to Wells Fargo.

Wells Fargo filed a proof of claim on February 16th, listing, *inter alia*, a prepetition arrearage of $34,680.62. And on February 18th, Wells Fargo objected to the Plan on the grounds that it failed to address the claim of Wells Fargo. The Debtor failed to respond to Wells Fargo's objection to the Plan, and on March 9th, this Court sustained Wells Fargo's objection to the Plan and ordered the Debtor to file an amended plan within 30 days. The Debtor never filed an amended plan or sought reconsideration of the March 9th order.

On April 23rd, the Debtor filed an objection to the Wells Fargo proof of claim, maintaining that the note attached to the proof of claim failed to show any indorsement to Wells Fargo. Wells Fargo responded on June 16th, by attaching to its response a copy of an allonge to the mortgage note. The allonge was indorsed in blank. On June 18th, Wells Fargo filed the instant Motion for Relief under 11 U.S.C. § 362 (d)(1) and (2), arguing that its claim was not adequately protected because the Debtor failed to make postpetition payments, there was no equity in the Property, and the Property was not necessary for an effective reorganization.[1]

---

[1] Wells Fargo claimed that the total postpetition arrears at the time of the filing of the motion were $2,902.42, plus attorneys' fees. It also maintained that, while a January 2010 Broker's Price

The Debtor timely objected to the Motion for Relief, and a hearing was scheduled. At the hearing, the only issue of substance argued was the Debtor's contention that Wells Fargo had no standing to prosecute the Motion for Relief because the indorsement of the mortgage note to Wells Fargo was invalid – the allonge not having been affixed to the note – the same issue presented by the Debtor in her objection to Wells Fargo's proof of claim. Well Fargo's counsel responded that the two were affixed (at least now), but that, in any event, attachment of a mortgage note and allonge is not a requirement under Massachusetts law. This Court took the latter contention under advisement.[2]

II.   DISCUSSION

In 1998, the Massachusetts legislature amended Article 3 of its adopted version of the Uniform Commercial Code. See Mass. Gen. Laws ch. 106, § 3-101, et seq. Under the pre-1990 version of Article 3, § 3-202 provided that the indorsement of an instrument must be written on the instrument itself if space was available or on a paper "so firmly affixed thereto as to become a part thereof." Mass. Gen. Laws ch. 106, § 3-202(2) (1998)

---

Opinion valued the Property at $105,000, giving it a liquidation value of $97,721.20, encumbrances on the Property totaled $155,033.68, including approximately $150,000 owed to Wells Fargo.

[2] The Court feels compelled here to raise an additional point. Debtor's counsel failed to respond to Well Fargo's objection to confirmation of the Plan. That is particularly troubling since the lender argued therein that the Plan was unconfirmable precisely because it failed to provide for payments to Wells Fargo. The Court sustained the objection and ordered the Debtor to file an amended plan. Debtor's counsel failed to seek reconsideration of that order and failed to comply with its terms. Wells Fargo could well have argued here (with a disposition that the Court will not predict) that the establishment of a claim in some amount by Wells Fargo is now the law of the case. That argument not having been timely made, the Court considers it waived. But counsel for debtors are cautioned not to rely on similar waivers or accommodations by lenders nor should they assume that they will prevail on exceptions to the "law of the case" doctrine, particularly when they have not ensured that their clients are complying with court orders. Such risks are unwarranted and expose attorneys to court sanctions and/or professional liability.

(repealed 1998).

>The 1998 amendment redrafted the section on indorsement to read, in relevant part:
>
>(a) "Indorsement" means a signature, other than that of a signer as maker, drawer, or acceptor, that alone or accompanied by other words is made *on an instrument* for the purpose of (i) negotiating the instrument, (ii) restricting payment of the instrument, or (iii) incurring indorser's liability on the instrument, but regardless of the intent of the signer, a signature and its accompanying words is an indorsement unless the accompanying words, terms of the instrument, place of the signature, or other circumstances unambiguously indicate that the signature was made for a purpose other than indorsement. *For the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is a part of the instrument.*

Mass. Gen. Laws ch. 106, § 3-204(a) (1999) (emphasis added). Official Comment 1 to § 3-204 further clarifies that "[t]he last sentence of subsection (a) is based on subsection (2) of former Section 3-202. An indorsement on an allonge is valid even though there is sufficient space on the instrument for an indorsement." Accordingly, the amendment was intended to liberalize the utilization of an allonge by permitting the use of a separate sheet regardless of whether the original document has space remaining for further indorsements.

Nevertheless, it is well-settled that the 1998 amendment maintained the requirement that an allonge be affixed to the original instrument. See Dyck-O'Neal v. Pungitore, No. 01-P-1775, 2003 WL 22998879, at *2, n.6 (Mass. App. Ct. Dec. 22, 2003) (applying the pre-1998 statute but suggesting, under those facts, the result would be identical under the amendments); In re Weisband, 427 B.R. 13, 19 (Bankr. D. Ariz. 2010) (finding under an identical Arizona provision that an unattached allonge that was not included with a proof of claim and later submitted did not sufficiently prove a creditor's holder in due course status required to obtain relief from the automatic stay); Big Builders, Inc. v. Israel, 709 A.2d 74, 76 (D.C. 1998) (finding under an identical District of Columbia provision that the

language change from "firmly affix" to "affix" still requires physical attachment).

Since the Debtor's mortgage was executed on March 24, 2004, well after the adoption of the 1998 amendments, the Court simply rules today that Wells Fargo's standing to prosecute the instant Motion for Relief is dependent on whether the purported allonge which contains the indorsement on which Wells Fargo relies was affixed to the mortgage note. An evidentiary hearing is now required to make findings on that question.

III.   CONCLUSION

The Court holds that, pursuant to Mass. Gen. Laws ch. 106 §3-204, the indorsement of a note set forth in an allonge is not valid if the allonge is not affixed to the note. An evidentiary hearing is required to determine whether the allonge was ever affixed to the note and if so, when and what occurred thereafter. Because the Debtor's objection to Wells Fargo's proof of claim raises identical issues of fact, an evidentiary hearing on that objection will be consolidated for the sake of judicial economy.

A separate order consistent with this Memorandum will issue accordingly.

DATED: November 19, 2010                                By the Court,

_____
Henry J. Boroff
United States Bankruptcy Judge