**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

| | |
|---|---|
| IN RE: <br><br> LILIA SHAPOVAL, <br><br> Debtor. | Chapter 13 <br> Case No. 10-30175-HJB |

**CREDITOR WELLS FARGO BANK, N.A., AS TRUSTEE FOR MERRILL LYNCH MORTGAGE INVESTORS TRUST MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2004-OPT1'S SUPPLEMENTAL BRIEF**

Wells Fargo Bank, N.A., as Trustee for Merrill Lynch Mortgage Investors Trust Mortgage Loan Asset-Backed Certificates, Series 2004-OPT1 ("Wells Fargo"), submits this supplemental brief on the Massachusetts Uniform Commercial Code's requirement that an allonge be "affixed" to a note to create a valid indorsement or transfer of that note in accordance with this Court's January 18, 2011 Order, filed as Doc. No. 82.

The Uniform Commercial Code ("UCC") permits the indorsement of a negotiable instrument by affixing a paper to the instrument. UCC §3-204(a). The affixed paper is referred to as an "allonge," and is defined as "[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with endorsements." Black's Law Dictionary at p. 88 (9th Ed. 2009). The UCC permits the use of an allonge even though there is sufficient space on the instrument for the indorsement. UCC §3-204, Official Comment 1.

The UCC's current requirement that the indorsement of a negotiable instrument be made on a paper that is "affixed" to the instrument is a relaxation of the former code provision, which required that the indorsement be on a paper "so firmly affixed to the instrument as to become an extension or part of it." See Adams v. Madison Realty & Development, 853 F.2d 163, 166 (3rd

Cir. 1988). Nevertheless, courts interpreted the prior "so firmly affixed" standard as permitting the stapling of indorsements to negotiable instruments as a means of attachment. Lamson v. Commercial Credit Corp., 187 Colo. 382, 385-386, 531 P.2d 966 (1975); NAB Asset Venture II, L.P. v. Lenertz, Inc., et al., 1998 WL 422207, *2 (Minn.App. July 28, 1998); see also Adams v. Madison Realty, 853 F.2d at 166 (where the court stated, in dictum, "we may assume, without actually deciding, that the loose indorsement sheets accompanying Empire's notes would have been valid allonges had they been stapled or glued to the notes themselves.")

    The UCC's relaxation of the requirement for affixing the indorsement to a note with the adoption of §3-204 recognizes the fact that allonges cannot be affixed so firmly that they could never be detached, for example, to photocopy the instrument and then be reattached. Southwestern Resolution Corp. v. Watson, 964 S.W.2d 262, 264 (Tex. 1997). As a result, where the holder of the note testifies that the allonge was affixed, whether stapled, taped or clipped, to the note upon receipt, the fact that the allonge was at some point detached and then reattached does not call into question the affixing requirement. Id. The United States District Court (Michigan) noted that rewriting this section so that indorsement only requires that an allonge be "affixed" suggests an intent to expand, rather than restrict, the use of allonges. Livonia Property Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC, 717 F.Supp.2d 724, 734 n.10 (E.D. Mich. 2010). In Livonia, the court found that that allonge was valid because it was attached to the note and because the allonge itself stated that it "forms a part of the Promissory Note dated December 30, 2004." Id. at 734. One commentator to the UCC has interpreted the current section as permitting paper clipping the allonge to the instrument as a sufficient form of affixing. Anderson on the Uniform Commercial Code, 6B Anderson UCC §3-204:12 [Rev] (3d. ed.). Another commentator, however, points out that a paper merely clipped to an instrument is

34073113v1 0919161 70275

too easily removed to suffice as an allonge because "[s]ome means of affixation making removal impossible without leaving visible marks of alternation should be required in order for a separate paper to qualify as an allonge." Hawkland's Article 3. Commercial Paper, 4 Hawkland UCC Series §3-202:5.

In contrast, a separate unattached piece of paper does not qualify as an indorsement of a negotiable instrument. Town of Freeport v. Ring, 727 A.2d 901, 905 (Me. 1999). Courts have also denied the possessor of the instrument holder in due course status where the possessor produces an indorsement but provides no evidence that the indorsement was affixed, at any time, to the negotiable instrument. In re Weisband, 427 B.R. 13 (Bankr. D. Az 2010); Springfield Oil Services, Inc. v. Mermelstein, 914 F.Supp. 258, 263 (N.D. Ill. 1996); HSBC Bank USA, N.A. v. Thompson, 2010 WL 34521130 (Ohio App. 2 Dist. September 3, 2010). There are, however, no cases in which a court has denied holder in due course status to the possessor of a negotiable instrument where the possessor produces the allonge and evidence demonstrating that the allonge was attached to the instrument.

Massachusetts has retired the "so firmly affixed" requirement of the Uniform Commercial Code in its adoption of the relaxed indorsement standard of U.C.C. §3-204. See M.G.L.A. c. 106 §3-204; 1998 Mass. Legis. Serv. Ch. 24 (West 1998). Under Massachusetts law, "[f]or purposes of determining whether the signature is made on an instrument, a paper affixed to the instrument is part of the instrument." M.G.L.A. c. 106 §3-204. As a result, the requirement that an indorsement be so firmly affixed to the negotiable instrument to become a part thereof, as found in Duxbury v. Roberts, 388 Mass. 385, 388 446 N.E.2d 401 (1983), no longer applies. Counsel for the debtor Lilia Shapoval ("Debtor") incorrectly asserted in this case

3

that the Duxbury "firmly affixed" standard still applies, but the language of the amended M.G.L.A. c. 106 § 3-204 clearly adopts the more relaxed standard. (Doc. No. 54, ¶2)

Wells Fargo submits the following evidence in support of its position that the allonge to the Debtor's Note created a valid indorsement of the Note under UCC §3-204:

1. Affidavit of Brian McConnell for Sand Canyon Corporation f/k/a Option One Mortgage Corporation. (Exhibit A)

2. Affidavit of Christina Hatfield for Wells Fargo Bank, N.A., Trustee for Merrill Lynch Investors Trust Mortgage Loan Asset-Backed Certificates, Series 2004-OPT1. (Exhibit B)

3. Affidavit of Roger Kistler for American Home Mortgage Servicing, Inc. (Exhibit C) Mr. Kistler's affidavit includes a true and accurate copy of the Debtor's Note, Allonge and Mortgage.

The Debtor's loan originated with Option One Mortgage Corporation (now known as Sand Canyon Corporation. (Affidavit of Brian McConnell for Sand Canyon, ¶4) On March 24, 2004, the Debtor executed a Note promising to pay Option One Mortgage Corporation ("Option One") $118,000, plus interest. (Adjustable Rate Note, Ex. 1 to Kistler Affidavit). The Debtor's Loan was secured by a mortgage on property located at 71-73 Beaumont Street, Springfield, MA given to Option One. (Mortgage, Ex. 2 to Kistler Affidavit) Option One's custom and practice was to create a file of all documents generated at the origination of a loan, including the note, endorsements, mortgage, title commitment and related documents, referred to as a "collateral file." (McConnell Affidavit, ¶2) If a note was endorsed by an allonge on a separate piece of paper, Option One's custom and practice was to attach the allonge to the note using the collateral file's two-pronged fastener holder, placing the allonge with indorsement directly behind the note. (Id. at ¶6) The allonge to the Debtor's Note was signed by Option One, provided an indorsement in blank, and was secured to the Note by a two-holed fastener within a file of original loan

documents created and maintained by Option One. (Allonge to Note, Ex. 1 to Kistler Affidavit; McConnell Affidavit, ¶¶5-7)

Option One sold and transferred the Debtor's loan into the Merrill Lynch Mortgage Investors Trust Mortgage Loan Asset-Backed Certificates, Series 2004-OPT1, (the "Trust") as of October 19, 2004, with Wells Fargo serving as Trustee. (McConnell Affidavit, ¶7; Hatfield Affidavit, ¶5) Wells Fargo, in its capacity as Trustee for the Trust, is the current holder of the Debtor's Note and Mortgage. (Hatfield Affidavit at ¶4) On May 10, 2004, Wells Fargo conducted a review of the Debtor's collateral file and its contents to determine that all loan documents were included in the collateral file and that the information within the collateral file matched that listed in the Mortgage Loan Schedule for the Trust, which was attached as an exhibit to the Pooling and Servicing Agreement. (Id. at ¶6) If a collateral file does not include a Note that is indorsed or contain an allonge to the Note with an indorsement, Wells Fargo generates an exception report, which specifies what document or information is missing from the collateral file. (Id. at ¶¶7-8) Wells Fargo reviewed its business records in relation to the Trust and determined that there is no exception report relating to the Debtor's collateral file. (Id. at ¶9) The absence of any exception report demonstrates that Wells Fargo received a complete collateral file from Sand Canyon. (Id. at ¶10) Based upon Wells Fargo's custom and practice and its review of business records, Wells Fargo believes that the original loan documents within the Debtor's collateral file remained within the collateral file during the entire time that Wells Fargo possessed the collateral file. (See Id. at ¶15)

Wells Fargo transferred the Debtor's Note and Mortgage to American Home Mortgage Servicing, Inc. ("AHMSI") on May 19, 2010. (Hatfield Affidavit, ¶14) AHMSI obtained possession of the Debtor's collateral file on or about May 19, 2010. (Kistler Affidavit, ¶5)

5

AHMSI has maintained possession of the Debtor's collateral file in the same condition that it was kept upon receipt from Wells Fargo. (Id. at ¶8) The original Note and Allonge, copies of which are attached hereto as Exhibit 1 to the Affidavit of Roger Kistler, are presently secured by a two-pronged fastener within the collateral file folder. (Id. at ¶10) Both the Note and the Allonge bear marks at the top as a result of Option One having fastened the Allonge to the Note within the Debtor's collateral file. (Id.) AHMSI transferred the Debtor's collateral file to Korde & Associates on or about May 28, 2010 to commence and prosecute a foreclosure action on the Debtor's loan. (Bailee Letter, Ex. 3 to the Kistler Affidavit) Korde & Associates acknowledged receipt of the collateral file on June 4, 2010. (Id.)

The information and documents that Wells Fargo submits to the court demonstrate that the Allonge was affixed to the Debtor's Note in such a way so that removal of the Allonge from the Note would leave visible marks of attachment: a two-holed punch mark at the top of both the Allonge and the Note. Furthermore, Sand Canyon Corporation f/k/a Option One and Wells Fargo, the past and current owners of the Debtor's Note and Mortgage, have provided sworn testimony, by affidavit, to demonstrate that the Debtor's loan origination documents were kept together in one collateral file, that the allonge was affixed and incorporated into the collateral file prior to Sand Canyon's transfer of the Debtor's Loan to Wells Fargo, and that all holders of the collateral file have maintained the file in the state that it was in upon creation to the present date. Based on the former and current holders of the mortgage's sworn statements, the Debtor's Note has contained an indorsement by Allonge, and the Allonge has been affixed to the Note, except for when these documents are photocopied and reattached. The Uniform Commercial Code permits the method used by Option One to affix the Allonge to the Debtor's Note as a valid indorsement of the Note.

34073113v1 0919161 70275

For the reasons stated above, Wells Fargo requests that this Court deny the Debtor's objection to Wells Fargo's proof of claim and grant Wells Fargo's Motion for Relief from the Automatic Stay.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | CREDITOR WELLS FARGO BANK, N.A., AS TRUSTEE FOR MERRILL LYNCH MORTGAGE INVESTORS TRUST MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2004-OPT1 |
|  | By its Attorneys, |
|  | */s/ Samuel C. Bodurtha* |
|  | Maura K. McKelvey, BBO #660760 |
|  | mmckelvey@hinshawlaw.com |
|  | Samuel C. Bodurtha, BBO #665755 |
|  | sbodurtha@hinshawlaw.com |
|  | Hinshaw & Culbertson LLP |
|  | 28 State Street, 24th Floor |
|  | Boston, MA 02109 |
| Date:    May 27, 2011 | 617-213-7000 |

34073113v1 0919161 70275

## CERTIFICATE OF SERVICE

This is to certify that on this 27th day of May, 2011, the foregoing Notice of Appearance and Request for Service of Papers was filed electronically. Notice of this filing will be sent by electronic mail to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha