# EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>LILIA SHAPOVAL,<br><br>Debtor. | Chapter 13<br>Case No. 10-30175-HJB |

### AFFIDAVIT OF BRIAN MCCONNELL FOR SAND CANYON CORPORATION F/K/A OPTION ONE MORTGAGE CORPORATION, INC.

I, Brian McConnell, having been duly sworn depose and state as follows:

1. I am the Custodial and Transaction Administration Manager at Sand Canyon Corporation f/k/a Option One Mortgage Corporation Inc. ("Sand Canyon"). Prior to working for Sand Canyon, I was a Custodial and Transaction Manager at Option One Mortgage Corporation, Inc. ("Option One").

2. I worked in the Post Fund Department at Option One from August 2005 to May 2008 and my job involved Option One's receipt of documents generated at loan origination, including original notes, endorsements of notes, mortgages, title commitments and related documents, which documents were then placed into a "Collateral file." Specifically, my responsibilities at Option One involved reviewing the loan origination documents to make sure that the documents were complete prior to transfer of the Collateral file to the Custodian or Trustee of the asset-backed Trust to which the loan had been sold.

3. Based on my prior employment at Option One and current employment at Sand Canyon, I have experience and knowledge of Sand Canyon's business practices and procedures relating to Collateral Files.

34070904v1 0919161 70275

4. Option One was the originator of the $118,800 loan to Lilia Shapoval (the "Note") and initial holder of the mortgage, which original documents are included in the Shapoval Collateral file which upon information and belief is being held in trust by Hinshaw & Culbertson LLP, counsel for Wells Fargo Bank, N.A. as Trustee for Merrill Lynch Mortgage Investors Trust Mortgage Loan Asset-Backed Certificates Series 2004 OPT1 ("Wells Fargo").

5. It was Sand Canyon's custom and practice to review the contents of each Collateral file and to make sure that all original documents in connection with the loan had been received, and that each original Note was properly endorsed per the Pooling and Servicing Agreement (PSA) governing the securitized Trust. Sand Canyon's policies and procedures prohibited the transfer of a Collateral file if the Note was not properly endorsed and, Collateral files were not shipped to a Custodian or Trustee of the securitized Trust if the Collateral file did not contain all required documents as outlined in the PSA agreement.

6. If the Note was endorsed by an allonge on a separate piece of paper, Sand Canyon's custom and practice was to attach the endorsement to the Note via the Collateral file's two-pronged fastener folder, placing the allonge with endorsement directly behind the Note.

7. Based on my knowledge of Sand Canyon's systems, procedures and policies and my review of its business records, it is my belief that the original loan documents in the Shapoval Collateral file, including the allonge to the Note, were placed into the two-pronged fastener folder prior to transfer, and remained within the Shapoval Collateral file at the time it was transferred from Sand Canyon to Wells Fargo Bank, N.A. as Trustee for Merrill Lynch Mortgage Investors Trust Mortgage Loan Asset-Backed Certificates Series 2004 OPT1 as of the October 19, 2004 Closing Date set forth in the Pooling and Servicing Agreement.

2

Signed under the penalties of perjury this 14th day of April, 2011.

_____

Brian D. McConnell

## CERTIFICATE OF SERVICE

This is to certify that on this 27th day of May, 2011, the foregoing Affidavit was filed electronically. Notice of this filing will be sent by electronic mail to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

/s/ Samuel C. Bodurtha
Samuel C. Bodurtha

34070904v1 0919161 70275